Jeffrey S. Hunter, #024426
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile:  (602) 307-5853
*Attorneys for CVS Health Corporation
and CVS Pharmacy, Inc.*

E-mail:  docket@rcdmlaw.com
         jhunter@rcdmlaw.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Drake Louks, individually and for all wrongful death beneficiaries of Albert G. Baca,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CVS Health Corporation; CVS Pharmacy, INC.; ABC Businesses I-V,<br><br>　　　　　　　　Defendants. | Case No. _____<br><br>**DEFENDANTS CVS HEALTH CORPORATION AND CVS PHARMACY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>*(Arizona Superior Court, County of Coconino, Case No. S0300CV201800471)* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF ARIZONA:

PLEASE TAKE NOTICE that Defendants CVS Health Corporation, which was erroneously sued and served instead of the correct entity, Arizona CVS Stores, L.L.C., and CVS Pharmacy, Inc. (hereinafter, "Defendants"), by and through undersigned counsel, hereby remove this state court action described below from the Superior Court of the State of Arizona in and for the County of Coconino to this United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b) and 1446, FED.R.CIV.P. 11, and LRCiv 3.6. Defendants provide the following "short and plain statement of the grounds of removal" pursuant to 28 U.S.C. § 1446(a).

(Page 1, S0300CV201800471)　　　　　　　　3076-0055　　　　　　　　3786910_1.docx

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

## I. THE STATE COURT ACTION

1. On October 2, 2018, Plaintiff Drake Louks (hereinafter, "Plaintiff") filed his operative First Amended Complaint entitled *Drake Louks, individually and for all wrongful death beneficiaries of Albert G. Baca v. CVS Health Corporation; CVS Pharmacy, Inc.; ABC Businesses I-V*, Case No. S0300CV201800471, in the Superior Court of the State of Arizona in and for the County of Coconino. A true and correct copy of the state court's most recent version of the docket, the Summons and the operative First Amended Complaint are attached hereto as **Exhibit A**. The allegations of the operative First Amended Complaint are incorporated herein by reference without admitting the truth of the same. Defendants have filed a declaration/verification that the documents contained in **Exhibit A** constitute true and complete copies of the same filed in the state court. The Declaration of Jeffrey S. Hunter verifying the same is attached hereto as **Exhibit F**.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

2. On November 26, 2018, Plaintiff served the Summons and First Amended Complaint on CVS Health Corporation, which was erroneously sued and served instead of the correct entity, Arizona CVS Stores, L.L.C., and CVS Pharmacy, Inc. Pursuant to 28 U.S.C. §1446(a), true and correct copies of the Summons and First Amended Complaint are attached hereto as **Exhibit A**. Based on the allegations in the First Amended Complaint, discussed below, the pharmacy at issue in Plaintiff's First Amended Complaint, identified as "CVS Health Corporation; CVS Pharmacy, Inc." located at 3506 E. Route 66, Flagstaff, Arizona, is actually owned and operated by Arizona CVS Stores, L.L.C., a limited liability company organized under the laws of the State of Arizona whose sole member is CVS RS Arizona, L.L.C., an Arizona limited liability company whose sole member is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business, headquarters, and center of direction, control, and

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

coordination in Woonsocket, Rhode Island. True and correct copies of Defendants' corporate profiles with the State of Arizona are attached hereto as **Exhibits C-E**. The Declaration of Thomas S. Moffatt confirming the same is attached hereto as **Exhibit B**.

3. Removal is timely. Defendants have removed this action within 30 days after receipt of a copy of the operative First Amended Complaint pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of Arizona in and for the County of Coconino. Venue, therefore, properly lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court in Coconino County, Arizona, where the state court action was commenced.

### III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(A) AND 1441(A)-(B)

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### A. The Parties Are Diverse

7. Diversity between the Plaintiff and Defendants existed at the time the First Amended Complaint was filed and continues to exist as of the date of this instant removal.

8. Plaintiff alleges that his decedent son Albert G. Baca (hereinafter, "Decedent") "was killed in a single-vehicle crash in Coconino County on September 22, 2016." [*See First Amended Complaint*, **Exhibit A** at ¶ 2]. Plaintiff alleges that Defendants are "foreign corporation[s] doing business in Coconino County." [*See* id. at

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

¶¶ 7-8]. Plaintiff alleges that Defendants "own[] or operate[] a CVS Pharmacy store at 3506 E. Route 66, Flagstaff, Arizona[.]" [*See* id. at ¶ 9]. Plaintiff alleges that Defendants owed Decedent "a duty to exercise the degree of skill, care, and learning that any reasonable and prudent pharmacist or pharmacy would exercise in Arizona." [*See* id. at ¶ 14]. Based on this information, Defendants reasonably believe that at the time Plaintiff filed its First Amended Complaint, Plaintiff was and remains a citizen of Arizona. *See* 28 U.S.C. § 1446(c)(2)(B).

9. Defendants are now, and were at the time that Plaintiff filed the First Amended Complaint, citizens of a state other than Arizona within the meaning of 28 U.S.C. § 1332(c)(1). *See* **Exhibits B**-**D** attached hereto.

10. Defendant CVS Pharmacy, Inc. is a foreign corporation incorporated under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. *See* **Exhibit B** at ¶ 2; **Exhibit C.**

11. Arizona CVS Stores, L.L.C., which was erroneously sued and served as CVS Health Corporation in this matter, is now, and was at the time that Plaintiff filed the First Amended Complaint, a limited liability company organized under the laws of and incorporated in the State of Arizona. *See* **Exhibit B** at ¶ 3**; Exhibit D** attached hereto. However, a limited liability company is a citizen of the same state or states as its owners/members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1013 (2016). In this case, Arizona CVS Stores, L.L.C. has a sole member – CVS RS Arizona, L.L.C, an Arizona limited liability company whose principal place of business and headquarters are in Rhode Island, and whose sole member is CVS Pharmacy, Inc. Again, CVS Pharmacy, Inc. is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. *See* **Exhibit B** at ¶¶ 2-4; **Exhibits C-E**

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

attached hereto. Therefore, Arizona CVS Stores, L.L.C. is a citizen of the State of Rhode Island, and not a citizen of the State of Arizona, per 28 U.S.C. § 1329(a). *See* id.

12. As of this date, no other named Defendants have been served in this matter. *See Destino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding that consent to remove is not required by defendants not yet served).

13. Further, in determining whether a civil action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), the courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "ABC Businesses I-V" named in Plaintiff's First Amended Complaint is, therefore, immaterial with respect to removal.

14. Because Plaintiff is, and was at the time he filed the First Amended Complaint, a citizen of the State of Arizona and Defendants are, and were at the time Plaintiff filed the First Amended Complaint, citizens of Rhode Island, diversity of citizenship exists between the parties, and existed at the time the First Amended Complaint was filed.

**B.     The Amount In Controversy Exceeds $75,000**

15. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if the court finds, by the preponderance of evidence, that the amount in controversy exceeds $75,000. *See also* 28 U.S.C. § 1332(a).

16. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also, e.g., Erickson v. Liberty Mut. Ins. Co.*, No. CV-14-02663-PHX-ROS, 2015 WL 13202710 at *1 (D. Ariz. March 4, 2015).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

17. To ascertain the amount in controversy, the courts consider claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. *See, e.g., Home Buyers Warranty Corp. v. Leighty*, No. CV 07–177–PHX–RCB, 2007 WL 4616687, at *4 (D. Ariz. Dec. 28, 2007). In addition, "the amount in controversy is measured by the value of the object of the litigation[.]" *Bradford v. Ocwen Loan Servicing, LLC*, No. CV10–1038 PHX DGC, 2010 WL 3852037 at *1 (D. Ariz. Sept. 29, 2010) (citation omitted).

18. Plaintiff asserts that this case is a "'Tier 3' case because it is a medical and pharmacy malpractice case requiring expert medical testimony about the standard of care and causation. [*See First Amended Complaint*, **Exhibit A** at ¶ 5]. In order to qualify as a "Tier 3" case in the State of Arizona, the plaintiff must seek "$300,000 or more in damages[.]" *See* ARIZ.R.CIV.P. 26.2(c)(3)(C). Indeed, Plaintiff seeks damages related to, among other things, losses of pecuniary and non-pecuniary support and consortium, mental distress, anguish, and suffering in this action. [*See First Amended Complaint*, **Exhibit A** at ¶ 16].

19. Based on defense counsel's experience defending cases involving wrongful death and medical malpractice for over 25 years, and Plaintiff's concession that he seeks at least $300,000 in damages in this case (Tier 3), it is facially evident that Plaintiff has placed an amount in excess of $75,000 in controversy, exclusive of interest and costs.

20. It is, thus, facially apparent from the First Amended Complaint that Plaintiff's claims exceed $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."). As in *Luckett*, because Plaintiff has alleged non-economic and economic damages relative to his injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the First Amended Complaint that Plaintiff's claims exceed $75,000. *See Villamar v. Skywest Airlines Inc.*, No. CV-18-01185-PHX-RM, 2018 WL 6110934, at *2 (D. Ariz. Nov. 21, 2018) (holding that a district court should rely on its judicial experience and common sense in determining whether a claim satisfies the amount-in-controversy requirements) (citation omitted).

21.     By removing this action to this Court, Defendants do not waive any defenses, objections or motions available to them under state or federal law. Defendants hereby expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

22.     In compliance with LRCiv. 3.6(a), the Civil Cover Sheet and Supplemental Civil Cover Sheet are included in this filing. *See* **Exhibits G-H** attached hereto.

WHEREFORE, Defendants respectfully request that the action pending in the State of Arizona in and for the County of Coconino be removed in its entirety to this Court.

Respectfully submitted this *17th* day of December, 2018.

RENAUD COOK DRURY MESAROS, PA

By *s/ Jeffrey S. Hunter*
Jeffrey S. Hunter
One North Central, Suite 900
Phoenix, Arizona 85004-4417
*Attorneys for CVS Health Corporation and CVS Pharmacy, Inc.*

LAW OFFICES
RENAUD COOK DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 7, S0300CV201800471)        3076-0055        3786910_1.docx

# CERTIFICATE OF SERVICE

I hereby certify that on this *17th* day of December, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and served the attached document by U.S. Mail on the following person who is not a registered participant of the CM/ECF System:

N/A

*s/ meb*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853